# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KELLY MARIE RODRIGUEZ,**

      **Plaintiff,**

v.                                                   Case No: 6:16-cv-1148-Orl-37GJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

# REPORT AND RECOMMENDATION

Kelly Marie Rodriguez (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner"), denying her application for Social Security disability insurance benefits and Supplemental Security Income payments. Doc. No. 1; R. 1-4. Claimant alleges an onset date of disability of March 1, 2012. R. 253. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: (1) giving the opinion of an examining doctor little weight; (2) not considering whether Claimant's migraines were severe impairments at step two;[1] and (3) being unclear about whether the ALJ considered Claimant's migraines at steps four and five, and not providing reasons for not considering her migraines at those steps. Doc. No. 14 at 12-14, 17-18. For the reasons set forth below, it is recommended that the Commissioner's final decision be **REVERSED** and these proceedings **REMANDED**.

**I.**     **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence.

---

[1] Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is entitled to supplemental security income and disability insurance benefits. 20 CFR §§ 404.1520(a), 416.920(a). See *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986), and 20 C.F.R. § 404.1520(a)(4) (2012), for a description of the five-step sequential process.

42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence and based on proper legal standards, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir.2004); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II. ANALYSIS.

### A. Weight Given Dr. Ortolani's Opinion

Claimant argues that the ALJ erred by giving insufficient reasons for according little weight to the opinion of the one of her examining doctors, Dr. John Ortolani. Doc. No. 14 at 12-13. The ALJ gave Dr. Ortolani's opinion little weight for the following three reasons:

- "there is only one assessment in the file from Dr. Ortolani[;]"
- this assessment "does not document any objective medical findings that would prevent the claimant from performing work activity within the established RFC [residual functional

> capacity] or require the need for a hand held cane[;]" and
>
> o "statements that the claimant is disabled, unable to work, can or cannot perform a past job, meets a Listing or the like are not medical opinions, but are administrative findings dispositive of a case, . . . reserved to the Commissioner . . . ."

R. 27.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. The Eleventh Circuit clarified the standard the Commissioner is required to use when considering medical opinion evidence. In *Winschel v. Commissioner of Social Security*, the Eleventh Circuit held that whenever a doctor offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite the impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d 1176, 1178-79 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).

The first reason that the ALJ gave for according Dr. Ortolani's opinion little weight is that there was only one assessment from him in the record. R. 27. The opinions of one-time examining physicians are not entitled to deference. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) ("The ALJ correctly found that, because [the psychologist] examined [the claimant] on only one occasion, her opinion was not entitled to great weight."); *Huntley v. Soc. Sec. Admin., Comm'r*, No. 16-12975, 2017 WL 1164354, at *1 (11th Cir. Mar. 29, 2017) ("The administrative law judge need not defer to the opinion of a physician who conducted a single examination because that physician is not a treating physician."). But, the ALJ must still articulate

specific reasons supported by the record for discounting the opinion. *Burke v. Astrue*, No. 5:09CV63/SPM/EMT, 2010 WL 1186760, at *9 (N.D. Fla. Jan. 28, 2010), *report and recommendation adopted*, No. 5:09CV63-SPMEMT, 2010 WL 1186575 (N.D. Fla. Mar. 23, 2010) ("[T]he ALJ was entitled to discount [the one-time examining psychologist's] opinion as long as he gave specific reasons, supported by the record, for declining to accept the opinion in its entirety.").

The second reason the ALJ gave for affording Dr. Ortolani's opinion little weight was that his assessment "does not document any objective medical findings that would prevent the claimant from performing work activity within the established RFC or require the need for a hand held cane . . . ." R. 27. Dr. Ortolani's assessment did document objective medical findings, however. Dr. Ortolani stated the following in the assessment: "MRI cervical spine 11/21/13 showed . . . diffuse annular protrusions causing spinal stenosis at C4-5 and C5-6, both of a degenerative nature, with some mild flattening of the cord at the C4-5 level." R. 425. He also noted the rod in Claimant's back, a severe restriction in rotating her neck, and spasms in her paracervical and parathoracic regions and low back. R. 425. There was significant objective medical evidence supporting Dr. Ortolani's opinion, and the ALJ failed to identify any substantial evidence contradicting it. Therefore, the ALJ's second reason for affording Dr. Ortolani's opinion little weight is not supported by substantial evidence.

Additionally, the ALJ does not articulate how the objective medical evidence of the MRI supports his RFC of light work for Claimant; instead, the ALJ simply set forth this conclusion without support. "An ALJ is not allowed to make medical findings or indulge in unfounded hunches about the claimant's medical condition." *Carlisle v. Barnhart*, 392 F. Supp. 2d 1287, 1294

(N.D. Ala. 2005). *See also Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.").

The third reason the ALJ gave for affording Dr. Ortolani's opinion little weight is that Dr. Ortolani included his opinion that Claimant was incapable of working. R. 27. This was only a portion of Dr. Ortolani's opinion. R. 426. Dr. Ortolani also opined that Claimant is not able to sit for any prolonged period of time. R. 426.

In *Sevarit v. Colvin*, 989 F. Supp. 2d 1210, 1220-21 (N.D. Ala. 2013), the ALJ did not consider the doctor's statement that the claimant could not be gainfully employed a medical opinion because it was a determination reserved to the Commissioner. The court noted that "such statements must still be considered" and cited SSR 96–5p, 1996 WL 374183, *2 (S.S.A.), which states that "our rules provide that adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner." *Id.* at 1221. Additionally, the ALJ erred in failing to consider the portions of the doctor's opinion that did not invade the Commissioner's province. *Id.* As decided in *Sevarit*, the ALJ may not discount all of Dr. Ortolani's opinions because one of them was on an issue reserved to the Commissioner.

Although the ALJ could give Dr. Ortolani's opinion little weight, as he was a one-time examining physician, the ALJ still needed to articulate reasons supported by substantial evidence for doing so. Because the ALJ failed to do that, it is recommended that the decision be reversed. The undersigned cannot conclude that the ALJ's error in the reasons stated for affording Dr. Ortolani's opinion little weight is harmless. *See Barrios v. Colvin*, No. 14-24189-CIV-LENARD/GOODMAN, 2016 WL 3964815, at *5 (S.D. Fla. Mar. 18, 2016) ("[A]n ALJ's mistake regarding weight constitutes prejudicial error and cannot be harmless."). To determine whether the

error was harmless the undersigned would have to re-weigh the evidence, which it is not permitted to do. *Id.*

### B. Claimant's Migraines

Claimant's final arguments relate to her migraines. Doc. No. 14 at 17-18. Claimant contends that the ALJ erred in not considering whether her migraines were severe impairments at step two. *Id.* at 17. Claimant also argues that it was unclear whether the ALJ considered Claimant's migraines at steps four and five and that the ALJ erred in not providing reasons for not considering her migraines at those steps. *Id.* at 17-18.

At step two, the ALJ found that "claimant has the following severe impairments: a history of idiopathic scoliosis of the thoracic and lumbar spine with prior fusion; a history of right foot bunionectomy; history of marijuana abuse and a history of cervical spine stenosis, greater at the C4-5 level (20 CFR 404.1520(c) and 416.920(c))." R. 19.

"[T]he only consequence of the analysis at step two is that, if the ALJ finds no severe impairment or impairments, he should reach a conclusion of no disability." *Id.* Thus, so long as the ALJ finds any impairment or combination of impairments severe at step two, the ALJ may proceed to the remaining steps in the sequential evaluation process, and there is no need for the ALJ to identify every severe impairment at step two. *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014);[2] *see also Farrington v. Astrue*, No. 3:09-cv-94-J-TEM, 2010 WL 1252684, at *4 (M.D. Fla. Mar. 29, 2010) (finding a single impairment at step two is all that is required so long as the ALJ considers all impairments, both severe and non-severe, throughout the sequential evaluation process, including in determining claimant's RFC).

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. 11th Cir. R. 36-2.

In this case, at step two, the ALJ concluded that Claimant's idiopathic scoliosis of the thoracic and lumbar spine with prior fusion, right foot bunionectomy, marijuana abuse, and cervical spine stenosis were severe impairments, and then proceeded to the next step in the sequential evaluation process. R. 19, 20. The regulations and the Eleventh Circuit require nothing more. While the ALJ was required to consider Claimant's migraines throughout the latter steps of the sequential evaluation process, Claimant's argument that the ALJ erred at step two by failing to find them to be a severe impairment is misplaced because the ALJ found other severe impairments at step two, and therefore, Claimant suffered no harmful error at this step.

Claimant also argues that it is not clear whether the ALJ considered her migraines at steps four and five and that the ALJ did not provide reasons for not considering them at those steps. Doc. No. 14 at 17-18. An ALJ is required to consider all impairments, regardless of whether they are found to be severe or non-severe at step two, in combination throughout the latter steps of the sequential evaluation process. *Tuggerson-Brown*, 572 F. App'x at 951. At step four, the ALJ determines the claimant's RFC and whether that RFC enables the claimant to perform her past relevant work. 20 CFR §§ 404.1520(f), 416.920(f); *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). At step five, the ALJ must determine whether the claimant is able to do any other work considering her RFC, age, education, and work experience. 20 CFR §§ 404.1520(g), 416.920(g).

Throughout the determination, and in support of the RFC the ALJ assigned to Claimant, the ALJ noted Claimant's reports of migraines or severe headaches. R. 22, 23, 24, 25. The ALJ relied on the RFC in finding at step four that Claimant could perform her past work as a receptionist and at step five that she was able to perform other jobs in the national economy. R. 29. After setting forth Claimant's RFC, the ALJ stated, "In making this finding, the undersigned has considered all

symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." R. 24. In determining Claimant's RFC, the ALJ specifically considered her headaches. R. 22, 23, 24, 25. Under *Tuggerson-Brown*, 572 F. App'x at 952, such "statements are enough to demonstrate that the ALJ considered all the necessary evidence." Thus, the undersigned finds that the ALJ sufficiently considered Claimant's migraines throughout the sequential evaluation process, and it is recommended that these arguments be rejected.

### III.  CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk be directed to enter judgment for Claimant and close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida, on April 26, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Richard A. Culbertson, Esq.
3200 Corrine Dr.
Orlando, FL 32803

W. Stephen Muldrow
Acting United States Attorney
John F. Rudy, III

Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
John C. Stoner, Acting Deputy Regional Chief Counsel
Jerome M. Albanese, Branch Chief
W. Kevin Snyder, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Sam Nunn Atlanta Federal Center
61 Forsyth Street S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable John D. Thompson, Jr.
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
Desoto Bldg., Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224